**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Joe RUCKER, Defendant–**
**Appellant.**

**No. 01–5669.**

United States Court of Appeals,
Sixth Circuit.

Nov. 30, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

### ORDER

Billy Joe Rucker, a federal prisoner, appeals the district court's judgment imposed upon his conviction on firearms and explosives charges. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rucker was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e); one count of possessing an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861, and 5871; and one count of being a felon in possession of explosive materials in violation of 18 U.S.C. §§ 842(i) and 844(a). He pleaded guilty on February 7, 2001, to all three counts, pursuant to a written plea agreement. The agreement provided, *inter alia*, that the government would recommend a three-level reduction for acceptance of responsibility and a sentence at the low end of the applicable guideline range. On May 10, 2001, the district court sentenced Rucker to 188 months in prison followed by five years of supervised release. Judgment was entered on May 18, 2001. The sentence was based upon a total offense level of 31 and a criminal history category of VI, resulting in a guidelines sentencing range of 188 to 235 months.

Rucker's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise two issues: (1) whether Rucker's guilty plea was knowing and voluntary; and (2) whether the district court properly sentenced Rucker. Rucker has responded to his attorney's *Anders* brief, requesting that this court either deny counsel's motion to withdraw or appoint new counsel.

█ Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. We affirm the district court's judgment because Rucker's guilty plea was valid and his sentence is not appealable.

█ A guilty plea is valid if it is entered knowingly and voluntarily as determined under the totality of the circum-

*The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

stances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An examination of the transcript of the plea proceeding establishes that this standard is met in Rucker's case. Having entered a valid guilty plea, Rucker may not challenge any antecedent non-jurisdictional defects in the proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000).

■ In addition, Rucker's sentence was lawfully imposed. A defendant may only appeal his sentence on the grounds that it: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) represented an upward departure from the applicable guideline range; or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 2742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Rucker's sentence falls within none of these categories.

■ Rucker did request a downward departure of one level based upon diminished capacity. He had been diagnosed as having major depression with severe psychotic features and was not on medication at the time he committed the offenses. However, the district court was not persuaded that Rucker was entitled to such a reduction, and the court's decision not to depart downward in this case is not reviewable on appeal. This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.

1998). "Moreover, the district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such an awareness, the district court's decision is insulated from review." *Strickland*, 144 F.3d at 418. It is apparent from a reading of the sentencing transcript that the district court was aware of its legal authority to depart downward, but did not consider this an appropriate case for departure.

We have reviewed the record in this case and have discovered no other colorable issues for appeal. Accordingly, counsel's motion to withdraw is granted and Rucker's request for new counsel is denied. The district court's judgment, entered on May 18, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.